```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


BRODY JACKSON,                        )
                                      )
           Plaintiff,                 )
                                      )
     v.                               )     No. 4:12 CV 986 DDN
                                      )
FITNESS RESOURCE GROUP, INC.,         )
                                      )
           Defendant.                 )
```

**MEMORANDUM AND ORDER OF REMAND**

This action is before the court on the motion of defendant Fitness Resource Group, Inc. to dismiss (Doc. 5) and of plaintiff Brody Jackson to remand (Doc. 16). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 25.) Oral argument was heard on July 12, 2012. For the reasons discussed below and in accordance with the court's ruling at the hearing, the action is remanded to the Circuit Court of the City of St. Louis, Missouri for further proceedings.

## I.  BACKGROUND

On May 4, 2012, plaintiff Brody Jackson commenced this action in the Circuit Court of St. Louis City, Missouri, alleging that his former employer, defendant Fitness Resource Group, Inc., breached their contract by failing to remit certain commissions and expenses owed to him. (Doc. 1-3 at 5-14.) On June 1, 2012, defendant removed the action to this court pursuant to 28 U.S.C. § 1441, on the basis of diversity of citizenship subject matter jurisdiction, 28 U.S.C. § 1332. (Doc. 1.)

According to the complaint, plaintiff was formerly employed as a salesman for defendant; defendant is in the business of selling fitness equipment. (Doc. 1-3 at ¶ 3.) On June 17, 2010, plaintiff and defendant entered into a written agreement, under which plaintiff was "to arrange for the provision and completion of sales and marketing on behalf of [d]efendant," and defendant was to compensate plaintiff for those services through certain commissions, which were to be calculated based on a percentage of the profit margin as set forth in the agreement. (Id. at ¶

5.)  On January 5, 2012, plaintiff and defendant entered into another written agreement containing terms and provisions similar to those in the initial agreement.  (Id. at ¶ 6.)  On January 27, 2012, defendant terminated plaintiff's employment without cause.  (Id. at ¶ 7.)

In Count I of the complaint, plaintiff alleges that defendant breached their agreement by failing to pay him certain commissions owed under the agreement.  (Id. at ¶¶ 8-10.)  In Count II, plaintiff alleges that defendant promised him that it would pay him reasonable and just compensation for the services he provided; that he provided those services to defendant; that those services had a certain, reasonable value; and that defendant failed to pay him the reasonable value of those services.  Plaintiff seeks to recover damages under a *quantum meruit* theory.  (Id. at ¶¶ 11-15.)  In Count III, plaintiff alleges that defendant, through its agents and employees, fraudulently misrepresented to him that it would pay him the commissions owed and that he would continue working for defendant pursuant to the agreement.  Plaintiff alleges that defendant knew that he would not be paid and would instead be terminated, but made false misrepresentations to deceive him into entering into the agreements, performing as required by the agreement, and forgoing other employment opportunities.  (Id. at ¶¶ 16-22.)

## II.  MOTION TO REMAND

Plaintiff moves to remand, arguing that the amount in controversy does not exceed $75,000.00, as required for the court to exercise subject matter jurisdiction under 28 U.S.C. § 1332(a).[1]  In support of his motion, plaintiff filed an affidavit in which he agrees to limit his recovery to $75,000.00.  (Docs. 16, 17, 17-1.)

Defendant opposes remand, arguing that it has established that the amount in controversy exceeds $75,000.00.  Defendant relies on a March 30, 2012 demand letter from plaintiff seeking $78,049.51.  Defendant also argues that plaintiff seeks to amend rather than clarify his complaint

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.00], exclusive of interests and costs . . . ."  28 U.S.C. § 1332(a) (emphasis added).

through his affidavit, and thus, his affidavit does not destroy the court's subject matter jurisdiction. (Docs. 18, 18-1.)

Plaintiff replies that he made only a general demand for monetary damages in his state court petition and thus his affidavit only clarifies the issue of damages. (Doc. 21.)

The court has also considered the parties' oral arguments made at the July 12, 2012 hearing.

### III.   DISCUSSION

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, any civil action brought in state court can be removed to the appropriate federal district court, so long as the district court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). Removal statutes are strictly construed and all doubts about the propriety of removal must be resolved in favor of remand. Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); see 28 U.S.C. § 1447(c) (explaining that the district court must remand if lacking subject matter jurisdiction over a removed action). The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d at 183.

Typically, a plaintiff can prevent removal by attaching a sworn stipulation limiting recovery to $75,000.00 when filing an action in state court. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-93 (1938). But generally once a case has been removed to federal court, the plaintiff can no longer defeat the otherwise-proper exercise of federal court jurisdiction through such a stipulation. Id.; Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005) (explaining that "post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed").

When the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue. Turner v. Wal-Mart Stores East, LP, No. 4:11 CV 541 CDP, Doc. 14, at *3 (E.D. Mo. May 4, 2011); McGuire v. J.B. Hunt Transp., Inc., No. 4:10 CV 746 MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010). In doing so, the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, "as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading." Ingram v. Procter & Gamble Paper Prods. Co., No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011) (citations omitted) (emphasis added); accord Gillming v. Jill, No. 06-0123-CV-W-JFG, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006).

Here, plaintiff originally filed his complaint in the Circuit Court of the City of St. Louis, Missouri. He sought, generally, only "an amount in excess of $25,000.00, together with costs . . . expended, pre- and post-judgment interest, reasonable attorney's fees, and [any other relief the court deemed just and proper]." (Doc. 1-3 at 5-9.)

Defendant removed the action on the basis of diversity of citizenship subject matter jurisdiction; neither party contends that federal question subject matter jurisdiction exists. The parties agree that complete diversity of citizenship exists among the parties.[2] Thus, the sole dispute concerns whether the requisite jurisdictional amount-in-controversy existed at the time of removal. See Karnatcheva v. JPMorgan Chase Bank, N.A., ___ F. Supp. 2d ___, 2012 WL 1657531, at *1 (D. Minn. 2012) ("Whether removal is deemed proper will be determined based on the record as it stands at the time of removal.").

In arguing that the requisite amount in controversy existed at the time of removal, defendant relies exclusively on a pre-filing demand letter, dated March 30, 2012, from plaintiff. In this letter, plaintiff sought $78,049.51 in commissions and expenses owed. (Doc. 1-4.) Plaintiff responds with an affidavit, dated June 12, 2012, in which he states that

---

[2]Specifically, plaintiff is a Missouri citizen and defendant is a Kansas citizen. (Doc. 1 at ¶ 5.)

he is not seeking more than $75,000.00 in his claims and in which he stipulates to limit his recovery to $75,000.00.  (Doc. 17-1.)

"[A]lthough the existence of a settlement demand does not resolve the [amount-in-controversy] issue, it is relevant."  McGuire, 2010 WL 2399550, at *3; accord Frump ex rel. Aubuchon v. Claire's Boutiques, Inc., No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *7 (W.D. Mo. Mar. 22, 2011).  The same is true for injuries pleaded in the plaintiff's state court petition. McGuire, 2010 WL 2399550, at *3.

Recently, in Turner v. Wal-Mart Stores East, LP, the court relied on the allegations of the state court petition and the plaintiff's post-removal affidavit in remanding the case to state court.  No. 4:11 CV 541 CDP, Docs. 14, 16.  There, the plaintiff sought to recover over $19,000.00 in medical expenses and monetary damages for pain and suffering, after she allegedly suffered injuries when one of the defendant's employees pushed a shopping cart into the back of her leg.  Id., Doc. 14 at 1-2.  In her state court petition, the plaintiff sought to recover an amount "in excess of $25,000.00."  Id. at 2.  The defendant relied on the plaintiff's allegations in her state court petition and in the plaintiff's settlement demand of $125,000.00 in arguing that the amount in controversy exceeded $75,000.00.  Id.  The court rejected the defendant's arguments, explaining that the complaint only sought damages "in excess of $25,000.00;" that the nature of the plaintiff's claims suggested only that it was "possible," not "probable," that the amount in controversy exceeded $75,000.00; and that the plaintiff's assertions during settlement negotiations were less persuasive than the plaintiff's post-removal stipulation to cap her recovery at $75,000.00.  Id. at 2-5.

Similarly, in McGuire v. J.B. Hunt Transport, Inc., the court held that the plaintiff's post-removal stipulation to limit her recovery to $75,000.00, exclusive of interest and costs, clarified that the requisite amount in controversy did not exist at the time of removal.  2010 WL 2399550, at *4.  There, the plaintiff sought an unspecified amount of damages in her state court petition, but made a settlement offer of $286,043.89.  Id. at *3.  The court held that the plaintiff could definitively clarify the amount sought in the state court petition by filing a post-removal affidavit stating that she would not seek, ask for, or accept an amount of damages in excess of $75,000.00, exclusive of

- 5 -

interest and costs.  Id.  at *4.  The court reasoned that this method struck a balance between the plaintiff's necessary use of broad language in a pleading to cover every possible eventuality, the plaintiff's pre-removal settlement demands, and the plaintiff's ability to stipulate to damages post-removal where the amount of damages sought is unclear from the face of the state court petition.  Id. (adopting the approach set forth in Workman v. Kawasaki Motors Corp., USA, 749 F. Supp. 1010, 1011 (W.D. Mo. 1990)); see also Slavin v. State Farm Mut. Auto. Ins. Co., No. 4:05 CV 1968 MLM, 2005 WL 3274337, at *3 (Dec. 2, 2005) (also adopting this approach and applying the same reasoning).

The court agrees with the reasoning in McGuire and Turner regarding the treatment of settlement offers and post-removal stipulations as they relate to determining whether the amount in controversy existed in an action at the time of removal.  Regarding settlement offers, as the Turner court explained, "assertions made during settlement negotiations may be motivated by unreliable considerations, such as posturing, or a desire for a quick resolution, rather than an accurate appraisal of the merits of the claim."  No. 4:11 CV 541 CDP, Doc. 14, at 5 (citing Fed. R. Evid. 408, notes of advisory committee on 1972 proposed rules).  Thus, when a settlement offer "is not supported by the pleadings or any other evidence and is directly rebutted by a sworn affidavit," the offer "is not sufficient to establish that the jurisdictional amount has been satisfied by a preponderance."  Id.  Regarding post-removal stipulations limiting recovery, as the McGuire court explained, such stipulations "protect[] both [the] plaintiff and [the] defendant and allow[] the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs."  2010 WL 2399550, at *4; see also Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d 943, 949 (D. Minn. 1999) (recognizing that "[a] post petition affidavit is relevant to clear up the ambiguity in the amount of damages that were alleged at the time of removal" and that "[i]n cases where the complaint fails to specify an amount of damages, courts must balance federal concerns, respect [the] plaintiff's forum choice, and follow Congress' intent to control diversity caseloads").

Applying these principles, the court concludes that the action must be remanded.  In his state court petition, plaintiff sought damages "in

excess of $25,000.00"--leaving as an open question whether or not the amount in controversy was suffiicent for diversity jurisdiction.  Nor is it apparent from the nature of plaintiff's claims, as set forth in the complaint, that his recovery will exceed $75,000.00; the state court petition lacks specific detail regarding plaintiff's alleged damages beyond that these damages exceed $25,000.00.  While plaintiff's demand letter sought $78,049.51 in commissions and expenses owed, plaintiff has submitted an affidavit in which he stipulates to limit his recovery to $75,000.00.  While relevant, plaintiff's demand letter does establish the jurisdictional amount by a preponderance, as it is "not supported by the pleadings or any other evidence and it is directly rebutted by a sworn affidavit."  Turner, 4:11 CV 541 CDP, Doc. 14 at 5.  More directly, plaintiff's stipulation to limit his damages to $75,000.00 is sufficient to sway this action in favor of remand.

Defendant relies on Cooper v. S&H Incorporated, Civil No. 11-2783 (JNE/SER), 2012 WL 245116 (D. Minn. 2012), and Burnham v. Summers, No. 4:09 CV 768 RWS, 2009 WL 2231677 (E.D. Mo. July 24, 2009), in arguing that plaintiff's letter demanding $78,049.51 in commissions and expenses owed establishes the requisite amount in controversy.  In Cooper, however, the plaintiff sought $150,000.00 in a settlement demand and made no stipulation limiting her recovery.  2012 WL 245116, at *2-3.  Similarly, in Burnham, the plaintiff made a $350,000.00 settlement demand and offered no stipulation limiting recovery.  Burnham, 2009 WL 2231677, at *1-3.  Moreover, the issue in Burnham was not whether the amount in controversy exceeded $75,000.00, but rather, when the removal deadline began.

Here, conversely, plaintiff's demand letter sought $78,049.51--only slightly more than the jurisdictional minimum--and plaintiff has submitted a sworn affidavit limiting his recovery to $75,000.00--less than the jurisdictional threshold.  Thus, unlike Cooper and Burnham, it is a legal certainty here that plaintiff will not recover more than $75,000.00.[3]  Compared to, e.g., Cooper, 2012 WL 245116, at *3 (explaining that the

---

[3] "[T]his type of sworn stipulation is binding upon plaintiff, and may be enforced through appropriate sanctions" if necessary. Ingram, 2011 WL 1564060, at *2 n.1.

plaintiff there "[did] not establish[] to a legal certainty that her claim [was] for less than the requisite amount" (citation omitted)).

While the amount sought in and the specificity of plaintiff's demand letter suggest that his post-removal affidavit may have been an amendment rather than a clarification, "where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Turpin v. State Farm Mut. Auto. Ins. Co., No. 11-4111-CV-W-FJG, 2011 WL 2562076, at *1 (W.D. Mo. June 28, 2011) (emphasis added) (citations omitted). Although the issue is close, as set forth above, defendant has not satisfied its burden. See id. at *3 (holding that although the plaintiff's refusal to stipulate to limit her recovery to no more than $75,000.00 "create[d] uncertainty," the defendant nonetheless failed to establish the requisite amount in controversy where the maximum amount that the plaintiff could recover was less than the jurisdictional threshold).

Therefore, the action must be remanded to the Circuit Court. Because the court lacks subject matter jurisdiction over this action, the pending motion to dismiss (Doc. 5) is denied without prejudice as moot.

## VI.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Brody Jackson to remand (Doc. 16) is sustained.

**IT IS FURTHER ORDERED** that plaintiff shall file in the Missouri Circuit Court the affidavit he filed in this court limiting his recovery to no more than $75,000.00.

**IT IS FURTHER ORDERED** that the motion of defendant Fitness Resource Group, Inc. to dismiss (Doc. 5) is denied without prejudice.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 12, 2012.